# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **JACKI BECK,** | §§§§ |
| Plaintiff, | §§ |
| vs. | § CIVIL ACTION NO.: |
| | § _____ |
| **FINANCIAL TECHNOLOGY** | § |
| **CORP., TEACHERS 'N TOOLS, INC.** | § |
| **SMART DATA STRATEGIES, INC.,** | § |
| **MARION EDWIN LOWERY, and** | § **JURY TRIAL DEMANDED** |
| **ISAAC A. SMITH, II,** | §§§ |
| Defendants. | § |

_____

## COMPLAINT
_____

COMES NOW Plaintiff Jacki Beck ("Plaintiff") and files this action under 29 U.S.C. § 206 for unpaid wages against Financial Technology Corp. ("FITECH"), Teachers 'N Tools, Inc. ("TNT"), Smart Data Strategies, Inc. ("Smart Data Strategies"), Marion Edwin Lowery ("Lowery"), Isaac A. Smith, II ("Smith") (collectively, the "Defendants"). In support thereof, Plaintiff shows as follows:

## JURISDICTION AND VENUE

1. This action for unpaid wages and back-pay is brought pursuant to 28 U.S.C. § 1331 under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et*

1

*seq.* The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured under the FLSA, providing damages and other relief.

2. Defendants at all relevant times have conducted business in the State of Alabama, and have an office located in Birmingham, Alabama. Therefore, this Court has personal jurisdiction over Defendants.

3. Venue is proper in this Court under 28 U.S.C. § 1391, as a substantial part of the events giving rise to this Complaint occurred in Tuscaloosa County, Alabama.

**PARTIES**

4. Plaintiff Jacki Beck is a resident citizen of Tuscaloosa County, Alabama and is above the age of 19. Plaintiff is currently employed by the Defendant.

5. Defendant FITECH is a registered corporation under the laws of the State of Tennessee, does business in the State of Alabama, and is an entity subject to suit under 28 U.S.C. § 1331.

6. Defendant TNT is a corporation under the laws of the State of Alabama, and is a subsidiary and/or an assumed business of FITECH, and does business in the State of Alabama.

7. Defendant Smart Data Strategies is a corporation under the laws of the State of Tennessee, and is a subsidiary and/or an assumed business of FITECH, and does business in the State of Alabama.

8. Defendant Lowery is an individual resident of the State of Tennessee and is above the age of 19.

9. Defendant Smith is an individual resident of the State of Alabama and is above the age of 19.

## STATEMENT OF FACTS

10. Plaintiff hereby incorporates by reference each of the allegations contained in the paragraphs set forth above.

11. Plaintiff has worked for TNT as a sales representative selling retail products to school systems in the southeast for over 6 years, and has worked as a sales representative selling educational products for over 20 years.

12. In or around September of 2013, Lowery and Smith purchased TNT from its previous owner and assumed the corporation under FITECH.

13. Defendants contracted Plaintiff to sell its products and services and promised to pay Plaintiff an annual salary of $36,000, plus commissions on sales and renewals. Defendant promised to pay Plaintiff a commission equal to 30% of the gross profit on any new software sales, a commission equal to 20% of gross

profit on any renewals of software sales, and a commission equal to 25% of gross profit on all other sales. Plaintiff was guaranteed commissions on all renewals of products or software originally sold by Plaintiff.

14. The approximate total commission owed Plaintiff for 2015 is in excess of $32,797.10 on approximately $364,412.27 of new gross software sales. Total commission owed for 2016 is in excess of $9,845.55, such that the total commissions owed Plaintiff for 2015 and 2016 is approximately $42,642.65.

15. Plaintiff was enrolled in Defendants' group health plan, whereby Defendants paid a portion of her health insurance premiums. In 2015, Defendants lost the health insurance plan, and Plaintiff lost health insurance without notice. However, Defendants continued to deduct health insurance premiums from Plaintiff's paycheck, equal to $2,277.00 over several pay periods. Plaintiff incurred out-of-pocket medical expenses because of the lost insurance and Defendants promised to pay these amounts to Plaintiff, but has not done so. Defendants owe Plaintiff approximately $964.03 in unreimbursed medical expenses.

16. To date, Defendants have paid Plaintiff approximately $38,125.32 in gross salaries and commissions for 2015 and $24,240.61 in gross salary and commissions for 2016. Therefore, Defendants have failed to pay Plaintiff

approximately $46,386.13 of owed salary and commissions for 2015 and 2016.

17. Plaintiff extensively travels throughout the southeastern United States on sales trips and business sales conferences, often staying overnight. Defendants issued to Plaintiff a firm credit card for these expenses. However, the credit card was often declined. Thus, in order to perform her job and not miss appointments with clients, Plaintiff personally incurred these expenses, including travel mileage and gas, hotel stays, food, and other expenses that Defendants promised to reimburse Plaintiff. Approximately $155.86 of these expenses has not been reimbursed.

18. At all times while employed with Defendants, Plaintiff performed her job duties in a competent or better manner, being the top salesman for Defendants in 2014 and 2015.

19. While employed by Defendants, Plaintiff's paychecks and commissions were routinely late and/or never paid.

20. Plaintiff frequently worked in excess of 40 hours per week as a result of extensive travel and sales trips in 2015.

21. Plaintiff has requested Defendants to pay the late salaries, commissions, unreimbursed expenses, and other items many times over the last two years, and Defendants have promised many times to pay these outstanding

amounts. However, Defendants continue to not pay Plaintiff her owed compensation.

22. Defendants presented schedules showing payments made to Plaintiff that included bounced checks and unpaid amounts, in an attempt to avoid paying owed salary and commissions.

23. After admitting Plaintiff was owed her salary and commissions, Defendants blamed Plaintiff for Defendants' inability to pay. Further, Defendants told Plaintiff that they could not pay her because she was not performing well enough, and that if Plaintiff worked harder, they would have money to pay her, despite Plaintiff being the top salesman for Defendants for the periods for which she was not paid.

24. As a result of Defendants failure to timely pay Plaintiff's salary and commission, Defendants have caused Plaintiff to overdraft her bank account several times over the past two years due to bounced checks and to incur other penalties for late payment of her bills.

25. Defendants told Plaintiff and other employees of Defendants that the money for paying the employees' salaries and commissions, including Plaintiff's, was spent on a failed unrelated venture of Lowery's and Smith's, Smart Data Strategies, costing Defendants in excess of $950,000.

26. Defendants have paid Plaintiff some of her salary out of accounts not owned by FITECH, including Smart Data Strategies.

## COUNT I
## UNPAID WAGES UNDER THE FLSA

27. Plaintiff hereby incorporates by reference each of the allegations contained in the paragraphs set forth above.

28. FITECH employed Plaintiff as a sales representative for the southeastern United States as early as October 2014.

29. Defendants have treated Plaintiff as an exempt employee under § 207 of the FLSA.

30. To date, Defendants have failed to pay Plaintiff her monthly wages and guaranteed commissions for portions of 2015 and 2016, totaling approximately $46,386.13.

31. Defendants have further failed to properly remit improperly withheld insurance premiums, totaling approximately $2277.00.

32. Defendants have willfully and intentionally violated the FLSA by failing to ensure that Plaintiff was paid regular wages and commission as promised by Defendants and as required under the FLSA.  Defendants' actions are without good cause for nonpayment and were performed in bad faith.

33. Because of Defendants willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of pay for services provided to

Defendant totaling approximately $48,663.13, plus pain and suffering and consequential damages.

## COUNT II
## OVERTIME VIOLATIONS UNDER THE FLSA

34.   Plaintiff hereby incorporates by reference each of the allegations contained in the paragraphs set forth above.

35.   At all times, Plaintiff has been an exempt employee as classified by Defendant.

36.   Because Defendants did not pay Plaintiff's salary or commission, Plaintiff is and has been a non-exempt employee under the FLSA.  As a result, Plaintiff is a non-exempt employee entitled to overtime benefits.

37.   Defendants have willfully and intentionally classified Plaintiff as an exempt employee, yet have refused to compensate Plaintiff in amounts necessary for Defendants to claim her as an exempt employee.

## COUNT III
## BREACH OF CONTRACT

38.   Plaintiff hereby incorporates by reference each of the allegations contained in the paragraphs set forth above.

39.   Defendants entered into an employee contract with Plaintiff, whereby Plaintiff would provide sales services on behalf of Defendants in exchange for a salary, commissions, expenses, and benefits.

40. Plaintiff provided sales services to Defendants in a competent or better manner, generating over $470,000 of revenue to Defendants in 2015 and 2016, such that Plaintiff was the top sales employee of Defendants during the period.

41. Defendants willfully and intentionally failed to pay Plaintiff her salary, commissions, reimbursable expenses, and improperly withheld healthcare insurance premiums in accordance with Plaintiff's employment contract.

42. Because Defendants did not pay the amounts due Plaintiff under the contract, Plaintiff has been damaged, suffering loss of owed compensation and reimbursable expenses totaling approximately $49,783.02, plus pain and suffering and consequential damages.

## COUNT IV
## FRAUD

43. Plaintiff hereby incorporates by reference each of the allegations contained in the paragraphs set forth above.

44. Defendants repeatedly made promises to Plaintiff to pay past wages and commissions due.

45. Defendants presented schedules showing payments made to Plaintiff that included bounced checks and unpaid amounts, in an attempt to avoid paying owed salary and commissions.

46. Plaintiff relied on Defendants' promises and continued to work for

Defendants as a result of the promises.

47. When Plaintiff asked for Defendants to pay her salary and commissions, Defendants asserted they would not pay her because she was not performing well enough, and if Plaintiff worked harder, they would have money to pay her, despite Plaintiff being the top salesman for Defendants.

48. Defendants never intended to pay the unpaid salary, commissions, expenses, or benefits, and blamed Plaintiff in order to avoid paying her admittedly due salary, commissions, expenses, or benefits.

49. Plaintiff did not find alternative employment, and has experienced mental anguish and suffering because of Defendants' failure to pay and inaccurately blaming Plaintiff for Defendants' nonpayment.

### COUNT V
### UNJUST ENRICHMENT

50. Plaintiff hereby incorporates by reference each of the allegations contained in the paragraphs set forth above.

51. Defendants have refused to timely pay Plaintiff her salary, commissions, reimbursable business and medical expenses, and healthcare premiums improperly withheld by Defendant.

52. As a result of Defendant's willful failure to pay wages to Plaintiff, Defendants have received an unjust benefit equal to Plaintiff's unpaid wages and

commission.  Defendant accepted over $470,000 of sales revenue from Plaintiff's employment without paying for such sales services, which has resulted in damages to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief:

A. Grant Plaintiff back pay, commissions, reimbursable business and medical expenses, and improperly withheld healthcare insurance premiums in the amount of $49,783.02, plus compensatory, consequential and punitive damages not less than $99,566.03, along with attorneys' fees and costs, and any additional relief as may be determined by the Court to which Plaintiff is entitled.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

Respectfully submitted this the 15th day of November, 2016.

>  /s/ Jonathan D. Guin
>  Jonathan D. Guin (asb-6292-o66g)
>  J. Harris Hagood (asb-4624-e12w)
>  Attorneys for Plaintiff

OF COUNSEL:
CAMPBELL | GUIN
Capitol Park Center
2711 University Boulevard (35401-1465)
P. O. Box 3206
Tuscaloosa, Alabama  35403-3206
Telephone (205) 633-0200
Facsimile (205) 633-0316
www.campbellguin.com

## **DEFENDANTS TO BE SERVED BY CERTIFIED MAIL**

Financial Technology Corp.
Attn: Ed Lowery
106 Mission Ct, Ste 902
Franklin, TN 37067-6481

Smart Data Strategies, Inc.
Attn: Ed Lowery
235 Noah Dr., Ste 400
Franklin, TN 37064-4028

Teachers 'N Tools, Inc.
Attn: Ed Lowery
402 Office Park Building, Suite 104
Birmingham, AL 35223

Marion Edwin Lowery
3650 Wareham Drive
Thompsons Station, TN 37179-9613

Isaac A. Smith
24 Braxton Street NW
Huntsville, AL 35806-5228

334956.2/JHH.wmp