IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA,
WESTERN DIVISION

| | |
|---|---|
| **JACKI BECK,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No.: **7:16-CV-01845-LSC** |
| § | |
| **FINANCIAL TECHNOLOGY CORP.,** § | |
| **TEACHERS 'N TOOLS, INC.,** § | |
| **SMART DATA STRATEGIES, INC.,** § | |
| **MARION EDWIN LOWERY, and** § | |
| **ISAAC A. SMITH, II,** § | |
| § | |
| Defendants. § | |

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**

Come now Financial Technology Corp ("FITECH"), Teachers 'N Tools, Inc. ("TNT"), Smart Data Strategies, Inc. ("Smart Data Strategies"), Marion Edwin Lowery ("Lowery"), Isaac A. Smith, II ("Smith") (collectively, the "Defendants") and file this motion to dismiss Plaintiff Jacki Beck's Fair Labor Standards Act (hereinafter referred to as "The Act" or "FLSA") claims under Federal Rule of Civil Procedure 12(b)(6). Furthermore, Defendants TNT, Smart Data Strategies, Lowery and Smith hereby move, pursuant to Rule 12(b)(6), that these entities/individuals be dismissed as party defendants. As grounds for this motion, defendants state as follows:

**I.     INTRODUCTION**

Plaintiff has re-worded several paragraphs from her Original Complaint; however, she makes no new actionable claims against FITECH, nor does she allege any new set of facts that could support any claim which would entitle her to relief from any Defendant. For this, and the following reasons, this Court should dismiss Plaintiff's FLSA claims against her employer

1

FITECH: Plaintiff's FLSA claim is invalid because (1) she does not assert a claim for minimum wage or unpaid overtime, and (2) she concedes that she was an exempt employee as she was employed "in the capacity of outside salesman". *See* 29 U.S.C. § 213(a)(1); 29 C.F.R. §541.500.

For the subsequent reasons, the Court should dismiss Plaintiff's claims against Defendants TNT, Smart Data Strategies, Lowery and Smith because they are not the proper party defendants of Plaintiff's complaint as none of these party Defendants had an employer/employee relationship or contracted with Plaintiff at any time in 2015 or 2016, when the events which are the basis of this lawsuit occurred.

## II.     BACKGROUND FACTS

Plaintiff was employed by FITECH as an outside salesperson as early as October 2014. FITECH employs outside sales representatives to find suitable clients to purchase certain software to be provided by FITECH. FITECH's outside sales representatives are also employed to retain established clients and renew contracts for FITECH's software. FITECH paid outside sales representatives received a 25% commission on the gross profit collected from the sales of said outside sales rep. The sales employees are "outside sales" employees as that term is used in 29 U.S.C. § 213(a)(1); 29 C.F.R. §541.500, as: (1) the employee's primary duty must be making sales, or obtaining orders or contracts for services… for which consideration will be paid by the client or customer; and (2) they customarily and regularly are engaged in sales activities away from employer's place of business. The phrase "customarily and regularly" meaning greater than occasional but less than constant. As such, they are exempt from the FLSA minimum wage and overtime provisions.

In addition to receiving commission as an outside sales representative, Plaintiff also received salaried compensation well above the $455.00 a week rate which is the threshold set by

the U.S. Department of Labor's Fair Labor Standards Act "white collar" exemption. *See* 29 C.F.R. §541.600(a) (2015). Plaintiff was paid, and received, approximately $36,000.00 in paid wages for 2015. This does not include the amount Plaintiff received in commission on gross profit collected from Plaintiff's sales. Additionally, Plaintiff was paid, and received, approximately $22,500.00 in paid salary from January 1, 2016 to October 14, 2016.

Plaintiff at no time alleges that she worked any time over 40 hours per week, nor has she alleged that she failed to earn at least $455 per week as an exempt salaried employee, or that she failed to earn at least minimum wage for hours worked if she was to be determined as a non-exempt employee.

Finally, each of Plaintiff's allegations pertain to FITECH as her employer. At no time has Plaintiff alleged to have been in the employment of, or had a contract with, Defendants Lowery or Smith.

### III.   STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the facial sufficiency of the statement of claim for relief." *Brooks v. Blue Cross and Blue Shield of Florida, Inc*., 116 F.3d 1364, 1368 (11th Cir. 1997). When considering a motion to dismiss, the Court must accept as true the facts alleged in the Complaint and construe them in the light most favorable to the plaintiff. *Simmons v. Sonyida*, 394 F.3d 1335, 1338 (11th Cir. 2004). The motion must be granted when the movant demonstrates "beyond doubt that the plaintiff can prove no sets of facts in support of [her] claim which would entitle [her] to relief." *Estate of Rodriguez v. Drummond Co., Inc*., 256 F. Supp. 2d 1250, 1255 (N.D.Ala. 2003); *Spain v. Brown & Williamson Tobacco Corp*., 363 F.3d 1183, 1187 (11th Cir. 2004).

IV.     **ARGUMENT**

    **A. Plaintiff's Amended Complaint Does Not Satisfy the Applicable Pleading Standards**

To survive a motion under Rule 12(b)(6), each claim in a complaint must be supported by "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct," or those facts are "merely consistent with" a defendant's liability, the complaint fails under Rule 12(b)(6), because what is required are factual pleadings that "allow the court to draw the *reasonable inference* that the defendant is liable," not is just "possibly" liable. *Iqbal*, 556 U.S. at 678-79 (emphasis added) (quoting Twombly, 550 U.S. at 555); see also *Iqbal*, 556 U.S. at 679 (the "plausibility standard asks for more than a sheer possibility that a defendant acted unlawfully").

The foregoing encapsulated, only an FLSA complaint that gives rise to a plausible inference that a defendant is liable to a plaintiff should survive a motion to dismiss, for, as the Supreme Court has admonished, district courts should not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

Plaintiff's Amended Complaint here contain only conclusions. It does not state any plausible FLSA claim under the *Iqbal/Twombly* standards, and it should not survive this Motion to Dismiss.

**B. Plaintiff's FLSA Claims Should Be Dismissed as to Defendants (Lowery and Smith) Because There Are Insufficient Facts to Suggest That Said Defendants Were Plaintiff's Employer**

It is beyond objection that the FLSA only applies to "employers," be they direct or indirect employers as defined by the FLSA. Equally clear is that Plaintiff's asserting FLSA claims against a defendant must present factual pleadings as to a defendant's status both as an "employer" covered by the FLSA and as the plaintiff's "employer" under the FLSA. Plaintiff here has done neither. Furthermore, Plaintiff does not allege that any circumstance exists where a joint employment situation may arise wherein Defendants Lowery and Smith may be liable under the FLSA. These defects in Plaintiff's Complaint preclude her from proceeding past the Rule 12(b)(6) stage of her claims.

**C. Plaintiff's FLSA Claim Must Be Dismissed Because She Does Not Seek Minimum Wage or Overtime Pay and Because She Is Admittedly An Exempt Employee.**

Plaintiff wrongfully attempts to assert a claim under the FLSA to recover commission pay, allegedly due under an employment agreement with Defendants. The Court should dismiss Plaintiff's FLSA claims because such claims are not cognizable under the FLSA. The FLSA provides for an employee's right to (1) a minimum wage and (2) overtime pay at a premium rate. See 29 U.S.C. §§ 206 (minimum wage), 207 (overtime premium). "All that the FLSA requires is that an employee be paid at least the minimum wage for all hours worked, and if no exemption applies, overtime pay for each hour in excess of the statutory minimum." *Bolick v. Brevard County Sheriff's Dept.*, 937 F.Supp. 1560, 1568 (M.D. Fla. 1996) (citing 29 U.S.C. §§ 206, 207; *Walling v. A.H. Belo Corp.*, 316 U.S. 624 (1942)). The FLSA does <u>not</u> create a cause of action for regular, unpaid wages

(unless it is an integral part of a claim for unpaid overtime). *See Arnold v. Arkansas*, 910 F.Supp. 1385, 1393 (E.D. Ark. 1995). Thus, a plaintiff's claim under FLSA fails as a matter of law if there is no dispute regarding overtime pay or minimum wage. *Id*.

In *Arnold*, the plaintiffs brought a claim for unpaid straight time under the FLSA and conceded that they were not seeking overtime pay as part of the claim. The Court noted that ordinarily, it has the power to adjudicate a claim for unpaid straight time as part of a claim for unpaid overtime—if the plaintiff asserts a claim for unpaid overtime:

> [A] Court, in dealing with an overtime claim (clearly covered by the FLSA) would need the authority to assure itself that the nonovertime work for the same pay period was fully compensated. But here, there is no claim for overtime.

*Id*. Because the plaintiffs did not assert a claim for overtime pay, the Court concluded that it "has no jurisdiction over the general claims here for straight time compensation for the hours worked." Id. The Court also concluded that "the plaintiffs' claim for straight time pay for work periods when no overtime was worked is <u>not</u> a violation of section 207 of the FLSA." *Id*. (emphasis added). Accordingly, the Court dismissed the plaintiffs' claims for regular pay under the FLSA.

The Court should dismiss Plaintiff's FLSA claims for the same reason. Plaintiff does not plead (nor can she in good faith plead) a cause of action for unpaid overtime. The Court cannot extrapolate a claim for unpaid overtime from Plaintiff's Complaint because there is no mention of any "overtime worked," "hours worked," or any other similar wording that is indicative of a claim for unpaid overtime. In fact, when asked to identify the dates of each workweek in which Defendant(s) failed and/or refused to pay [Plaintiff]

minimum wages and the hourly rate at which [Plaintiff] was paid in each such workweek, Plaintiff responded that "as [Plaintiff] received a salary, it is impossible to identify specific dates. Instead, [Plaintiff] has totaled the amount of salary, commissions, and reimbursements when was owed in 2015 and 2016 and compared it to the amount of money she was paid. Defendants paid [Plaintiff] irregularly and, sometimes, not at all." (*See* Exhibit 1, Plaintiff's Response to Defendant's Interrogatory #10). Similarly, Plaintiff had the same response when asked to state the dates of each workweek in which Defendant(s) allegedly failed and/or refused to pay [Plaintiff] overtime wages. *Id*. Obviously, Plaintiff can only speculate as to how many hours she may have worked in a day or week, whether it was more or even less than required under the FLSA.

After months of discovery, Plaintiff's own words clearly demonstrate that it is "beyond doubt that the plaintiff can prove no sets of facts in support of [her] claim which would entitle [her] to relief." *Estate of Rodriguez v. Drummond Co., Inc*., 256 F. Supp. 2d 1250, 1255 (N.D.Ala. 2003); *Spain v. Brown & Williamson Tobacco Corp*., 363 F.3d 1183, 1187 (11th Cir. 2004). Plaintiff cannot prove, nor does she allege, even one specific hour in which she worked overtime and was not paid at a premium rate, as she herself indicated that she is a salaried employee. Likewise, Plaintiff cannot prove, nor does she allege, even one specific hour in which she was not paid at least a minimum wage. Plaintiff wrongfully attempts to allege that a portion of unpaid commissions should be treated as unpaid overtime or somehow a failure to meet the federal minimum wage requirements.

The logical conclusion, then, is that Plaintiff wrongfully asserts a state law claim for breach of contract under the FLSA. However, a breach of contract claim is not cognizable under the FLSA. *See Bolick*, 937 F. Supp. At 1569 ("The FLSA was designed

to assure the payment of a minimum wage plus overtime, nothing more."); *see also Atlanta Professional Firefighters Union v. Atlanta*, 920 F.2d 800, 806 (11th Cir. 1991) (city could have violated its contract, but not the FLSA).   Because Plaintiff does not seek to recover minimum wage, or even make more than a broad allegation that she worked more than 40 hours in any week for any Defendant, her regular commissions claim is not a viable cause of action under the FLSA. *See Arnold*, 910 F. Supp. At 1393. Thus, the Court should therefore dismiss the FLSA claims.

### D. Plaintiff Admits That She Was Exempt From The FLSA's Minimum Wage And Overtime Pay Requirements.

Even if Plaintiff brings a claim for minimum wage or unpaid overtime, Plaintiff's pleading demonstrates that she is exempt from FLSA's coverage. Sections 206 (minimum wage requirement) and 207 (overtime premium) do not apply to "outside salesmen," as defined by the Department of Labor's ("DOL") interpretive regulations. *See* 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.500. Under the DOL's regulations, an employee meets the outside sales exemption if (1) [her] primary duty is making sales (or securing contracts for services) and (2) [she] regularly works away from (i.e. "outside") the employer's place of business. *See* 29 C.F.R. § 541.500(a)(1)-(2). An outside sales employee may be compensated on a commissions-only basis. Id. § 541.500(c).

Plaintiff's pleading establishes that she meets the outside sales exemption. She admits that "[a]lmost all telephone calls in 2015 and 2016 were made out of Beck's home office." (*See* Amended Complaint ¶ 12) and that "in other weeks in 2015, Plaintiff typically worked one day out of the office." (See Amended Complaint ¶ 14) and that she "extensively travels throughout the southeastern United States on sales trips and business

sales conferences," (*See* Amended Complaint ¶ 23). Although omitted from Plaintiff's Amended Complaint, she plainly admitted to her role as an outside sales representative when she indicated that she "worked for TNT as a sales representative selling retail products to school systems in the southeast for over 6 years, and has worked as a sales representative selling educational products for over 20 years," (*See* Complaint ¶ 12)

Plaintiff also concedes that she performed work on a salary plus commission basis (*See* Amended Complaint ¶¶ 19, 20, 22, 25, 27, 28, 29, 30). Given her acknowledgements, as well as payments received (*See* Exhibit 2, 2015 Payroll Payments and Exhibit 3, 2016 Payroll Payments), Plaintiff cannot (and indeed does not) seek minimum wage or unpaid overtime under the FLSA.

## V.   CONCLUSION

With the dismissal of the claims discussed above, Plaintiff's remaining claims of breach of contract, fraud and/or unjust enrichment, based on FITECH's alleged failure to pay salary and/or commissions for some pay periods, should also be dismissed based on lack of subject matter jurisdiction.

Defendants TNT, Smart Data Strategies, Lowery and Smith respectfully request further that the dismissal as to all counts be with prejudice as it pertains to these Defendants.

Respectfully submitted,

/s/ P. David Gray
P. David Gray
Attorney for Defendant, Financial Technology Corp.

/s/ Nicholas V. Caulder
Nicholas V. Caulder
Attorney for Defendant, Financial Technology Corp.

9

<u>OF COUNSEL:</u>
Caulder & Gray, LLC
1950 Stonegate Drive, Ste. 240
Birmingham, AL 35242
(205)588-5255--phone
(205)383-2635--facsimile

## Certificate of Filing & Service

I hereby certify that on this the 8th day of August, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Jonathan D. Guin, Esq. and J. Harris Hagood, Esq.

/s/ P. David Gray
***OF COUNSEL***